**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4622**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FERNANDO MORALES-MATOS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00261-RJC-DCK-1)

Submitted: April 23, 2018                    Decided: May 22, 2018

Before MOTZ and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Sanjeev Bhasker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Morales-Matos appeals his sentence at the bottom of his Sentencing Guidelines range after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and three counts of possession with intent to distribute methamphetamine. On appeal, Morales-Matos challenges his sentence. Morales-Matos argues that his sentence is procedurally unreasonable in violation of due process, and that the district court abused its discretion, because the court relied on a law enforcement officer's statements at sentencing in determining Morales-Matos' sentence. We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citation omitted). We must first ensure that the district court did not commit a significant procedural error, such as basing its sentence "on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e review evidentiary decisions for an abuse of discretion, but legal conclusions concerning the Rules of Evidence or the Constitution de novo." *United States v. Landersman*, 886 F.3d 393, 413 (4th Cir. 2018) (citation omitted). "We apply the harmless error standard to evidentiary rulings, even where an appellant claims these rulings violated due process." *Id.* (citation omitted). If there is no procedural error, we review the substantive reasonableness of the sentence for abuse of discretion, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51. "A within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.) (citation omitted), *cert. denied*, 137 S. Ct. 2252 (2017).

"It is well established that a court may, for purposes of sentencing, consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks and citation omitted). Courts have "long recognized that sentencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence." *United States v. Powell*, 650 F.3d 388, 392 (4th Cir. 2011) (internal quotation marks and citations omitted). "This recognition is further grounded in the applicable criminal, evidentiary, and sentencing codes." *Id.* (citations omitted). "Nevertheless, we have recognized that '[t]here are . . . constitutional limitations' on the generally broad scope of information a court may consider at sentencing." *United States v. Nichols*, 438 F.3d 437, 440 (4th Cir. 2006) (citation omitted). "In particular, we have construed various Supreme Court decisions as 'recogniz[ing] a due process right to be sentenced only on information which is accurate.'" *Id.* (citation omitted). "'[T]he defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence' in order to prove a due-process violation." *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (citations omitted).

We have reviewed the record and conclude that the district court did not procedurally err or abuse its discretion in considering the law enforcement officer's statements in sentencing Morales-Matos to the bottom of his advisory Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*